UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GERMAN AMERICAN CAPITAL
CORPORATION, successor in interest to
Branch Banking and Trust Company,

    Plaintiff,

v.

DEAN F. MOREHOUSE,

    Defendant.

Civil Action No. 10-0912
DAR

## MEMORANDUM OPINION

Branch Banking and Trust Company ("BB&T") commenced this breach of contract action to collect on two promissory notes as to which Defendant, Dean Morehouse, failed to honor the guarantee agreements which he executed.[1] Complaint ¶¶ 8, 9, 10 13 (Document No. 1). On December 17, 2010, the parties consented to proceed before the undersigned for all purposes. Consent to Proceed Before a United States Magistrate Judge for All Purposes (Document No. 12). The undersigned, with the consent of the parties conducted a bench trial on November 8 and 9, 2011. *See* 11/08/2011 Minute Entry; 11/09/2011 Minute Entry; Transcript (Document Nos. 44, 45). After the conclusion of the trial, the parties filed their respective proposed findings of fact and conclusions of law. Plaintiff's Proposed Findings of Fact and

---

[1] On October 11, 2011, the undersigned filed a memorandum opinion and order with respect to, *inter alia*, Plaintiff's Cross-Motion to Substitute Parties Pursuant to Rule 25(c) (Document No. 20). *See* Memorandum Opinion and Order (Document No. 29). The court granted Plaintiff's motion, and ordered that German American Capital Corporation ("GACC") be substituted in this action as Plaintiff.

Conclusions of Law (Document No. 41); Dean F. Morehouse's Proposed Findings of Fact and Conclusions of Law (Document No. 42); *See also* Plaintiff's Opposition to Defendant's Motion to Dismiss (Document No. 43).

Upon consideration of the evidence adduced at trial, the aforementioned proposed findings of fact and conclusions of law, and the entire record herein, the court finds that Plaintiff has demonstrated by a preponderance of evidence that Defendant breached the contract at issue in this action. The court further finds that Defendant is liable to Plaintiff in the amount of $23,966,216.95 plus the amount of postjudgment interest at a rate of 15% as of the date of this Memorandum Opinion and entry of judgment, along with costs.

## BACKGROUND

In its complaint, Plaintiff alleges that "[o]n or about July 11, 2005, Brampton Plantation, LLC ("Brampton") executed a revolving promissory note with BB&T whereby BB&T agreed to allow Brampton to access up to $28,000,000.00 in credit." Complaint ¶ 6. Plaintiff further alleges that "[t]he debt was evidenced by a Revolving Promissory Note (the "Revolving Note") in the amount of $21,000,000.00 and a Letter of Credit Promissory Note (the "Letter of Credit") in the amount of $7,000,000.00." *Id.* Plaintiff also alleges that "[b]oth the Revolving Note and the Letter of Credit are governed by a Loan Agreement executed by [Defendant] as President of MTM Builder/Developer, Inc., the manager of Brampton." Complaint ¶ 7.

Plaintiff alleges that "[o]n or about July 11, 2005, [Defendant] executed a Continuing Guaranty whereby he promised to personally and unconditionally guaranty the repayment of the Brampton Loan." Complaint ¶ 8. Plaintiff further alleges that "[o]n March 11, 2009,

German American Capital Corporation v. Morehouse                                3

[Defendant] executed a Reaffirmation of Continuing Guaranty and Indemnity Agreement Regarding Hazardous Materials affirming his obligation to personally and unconditionally guaranty the repayment of the Brampton Loan." *Id.*; *see also* Complaint, Exhibit 1 at 6-18. Plaintiff alleges that Brampton and Defendant have failed to make the required payments on the loan, and that it has sustained damages as a consequence. *Id.* ¶¶ 9-10, 15.

Defendant, in his answer, denies the factual allegations for breach of contract. Answer (Document No. 8) ¶¶ 13-15.[2]

On March 29, 2011, the Revolving Promissory Note was purchased by German American Capital Corporation ("GACC") and the loan documents and security instruments were assigned to the purchaser as well. Plaintiff's Opposition to Defendant's Motion to Dismiss or for Summary Judgment and Plaintiff's Cross-Motion to Substitute Parties Pursuant to Rule 25© at 1 (Document No. 20); *see also* Exhibit 1 (Document No. 20-1) at 1-8.

The parties engaged in discovery and, thereafter, Defendant filed his Motion to Dismiss or for Summary Judgment (Document No. 15). On October 11, 2011, the undersigned denied Defendant's motion. Memorandum Opinion and Order (Document No. 29).

At trial on November 8, 2011, Plaintiff elicited testimony from two witnesses: Diana Nickerson, who was the BB&T Relationship Manager that negotiated the Revolving Note, and Stephen Mansfield, who is an Asset Development Manager with Gibraltar Asset Management Services. Tr. 11/8/11 (Document No. 44) at 22-135. Ms. Nickerson testified with respect to the circumstances surrounding the negotiation of the Revolving Note, the Continuing Guaranty, and

---

[2] Brampton Plantation, LLC was not served with a complaint and summons, and accordingly, is not a named Defendant in this matter.

German American Capital Corporation v. Morehouse 4

the Reaffirmation of Continuing Guaranty with Defendant. *See id.* at 23-24, 32, 37. Mr. Mansfield testified with respect to GACC's purchase of the loan documents from BB&T. *See id.* at 96-97.

Defendant testified as part of his case-in-chief that the guaranty he signed as the president of MMT which is a manager of Brampton was between him and BB&T and was not assignable to GACC. Accordingly, he has no obligations to GACC with respect to this guaranty. *Id.* at 153, 169-171. On cross examination, the Defendant testified that he could not point to a specific document or email where he contends he explicitly stated his desire to restrict BB&T's ability to assign the guaranty. *Id.* at 183-186. In Defendant's pretrial statements, he asserted as a defense that he will demonstrate that GACC is not a permissible assignee and that it has no right against him personally with respect to the defaulted loan obligation of Brampton. (Document No. 33 at 2). Specifically, Defendant contends that under Georgia law, GACC must pursue a cause of action in a Georgia court before obtaining a judgment against him in this court. *Id.*

After each side rested, the parties stipulated to the amount of the principal owed in this matter to be the amount stated in the complaint as $23,966,216.95 plus interest that has accrued since the filing of the complaint, as well as costs and attorneys' fees. Tr. 11/9/ 2011 at 72-73; *see also* Complaint ¶ 15.

**APPLICABLE STANDARDS**

In accordance with Rule 52(a)(1) of the Federal Rules of Civil Procedure, the court makes the following findings of fact and conclusions of law. *See* FED. R. CIV. P. 52(a)(1) ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially

German American Capital Corporation v. Morehouse                                                              5

and state its conclusions of law separately."); *see also Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, Nos. 00-1401(PLF), 00-2089(PLF), 2012 WL 3306708, at *4 (D.D.C. Aug. 14, 2012); *Foxtrap, Inc. v. Foxtrap, Inc.*, 671 F. 2d 636, 638-39 n. 1 (D.C. Cir. 1982); *F.T.C. v. Beatrice Foods, Inc.* 587 F. 2d 1225, 1230 n. 1 (D.C. Cir. 1978); *D.C. Fed'n of Civic Associations v. Volpe*, 459 F. 2d 1231, 1259 n. 19 (D.C. Cir. 1972); *Municipality of Mayaguez v. Corporacion Para El Desarrollo Del Oeste*, 824 F. Supp. 2d 289, 295 (D. P.R. 2011) ("The Judge is not compelled to address every factual contention and argumentative detail raised by the parties."). Indeed "[a]ll that is required by Rule 52(a) is that the trial court provide findings that are adequate to allow a clear understanding of its ruling." *Fasolino Foods Co., Inc. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1058 (2d Cir. 1992) (citations omitted).

**FINDINGS OF FACT**

Defendant is the President of MTM Builder/Developer, Inc., the manager of Brampton Plantation, LLC ("Brampton"). Complaint ¶ 6. On or about July 11, 2005, Brampton, as a borrower, and Plaintiff, as a lender, executed a revolving promissory note ("Revolving Note") for $21 million. Plaintiff's Exhibit 1 (Revolving Promissory Note); *id.* ¶ 6; Plaintiff's Proposed Findings ¶ 1; Defendant's Proposed Findings ¶ 7. Brampton also executed a $7 million letter of credit ("Letter of Credit") with Plaintiff. Complaint ¶ 6; Plaintiff's Proposed Findings ¶ 2. On or about July 11, 2005, Defendant executed a Continuing Guaranty in which he "promised" to "personally and unconditionally guaranty the repayment of all Brampton's indebtedness to BB&T, including the Revolving Note and Letter of Credit." Plaintiff's Exhibit 12 (Continuing Guaranty); Complaint ¶8; Plaintiff's Proposed Findings ¶ 3; *see also* Defendant's Proposed

German American Capital Corporation v. Morehouse                                                                     6

Findings ¶ 8. On or about March 11, 2009, Defendant executed a Reaffirmation of Continuing Guaranty and Indemnity Regarding Hazardous Materials, in which he reaffirmed the promises made in the Continuing Guaranty. Plaintiff's Exhibit 13 (Reaffirmation of Continuing Guaranty and Indemnity Agreement Regarding Hazardous Materials); Plaintiff's Proposed Findings ¶ 4; *see also* Defendant's Proposed Findings ¶ 19.

Defendant defaulted on the Revolving Note and declared bankruptcy. Plaintiff's Proposed Findings ¶ 5; *see* Tr. 11/8/ 2011 (Document No. 44) at 68, line 14-16; *see also* Plaintiff's Exhibit 21 (Defendant's bankruptcy schedules filed in the United States Bankruptcy Court for the Southern District of Georgia). Defendant's bankruptcy schedules reflect that he owed Plaintiff $25,292,009.53 as of May 27, 2010. Plaintiff's Exhibit 21 at 8 ("Schedule D – Creditors Holding Secured Claims"). Defendant, at his deposition, conceded that this was the amount owed to Plaintiff and that he had not made any payments to either BB&T or GACC pursuant to the guaranty since May 27, 2010. *See* Plaintiff's Exhibit 27 at 82-86.

On or about March 29, 2011, GACC purchased the Revolving Note from BB&T and then executed an Allonge assigning the Revolving Note to GACC. *See* Plaintiff's Exhibit 14 ("Allonge"). Also on March 29, 2011, BB&T executed an Assignment of Loan Documents in which BB&T assigned five loan documents related to the Revolving Note to GACC. *See* Plaintiff's Exhibit 17 ("Schedule 'A' Assignment of Loan Documents"). On October 28, 2011, BB&T executed a second Assignment of Loan Documents, which listed a total of six loan documents and included the language "[a]ll other documents, instruments and agreements executed, issues, and/or delivered, in connections with or pursuant to any of the foregoing." *See* Plaintiff's Exhibit 19 ("Schedule 'A' Assignment of Loan Documents").

**CONCLUSIONS OF LAW**

"Plaintiff[] bear[s] the burden of establishing each element of its claims by a preponderance of the evidence." *Ascom Hasler Mailing Sys., Inc. v. United States Postal Service*, Nos. 00-1401, 00-2089, 2012 WL 3306708, at*22 (D.D.C. Aug. 14, 2012) (citations omitted). "To state a breach of contract claim, a plaintiff must allege the following elements: (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) breach of that duty; and (4) damages caused by the breach." *Ponder v. Chase Home Finance, LLC*, 865 F. Supp. 2d 13, 18 (D.D.C. 2012) (quoting *Mesumbe v. Howard University*, 706 F. Supp. 2d 86, 94 (D.D.C. 2010)) (internal quotations omitted).

Here, the dispute between the parties is not whether a valid contract exists, but whether under the terms of the Continuing Guaranty, Defendant is liable to GACC. GACC, whose interest was assigned by BB&T, received the assignment without Defendant's consent. More specifically, the issue is whether Defendant has a duty to pay GACC since the assignment was not consented to by the Defendant or permitted. *See* Defendant's Proposed Conclusions of Law (Document No. 42) ¶ 4 ("The use of the term 'parties' [in the Continuing Guaranty] is an indication that contract was not meant to be enforced by third parties such as GACC.").

The language in the guaranty is that "[t]his Continuing Guaranty shall be governed in all respects by the internal laws of the District of Columbia . . . and shall be binding upon and inure to the benefit of the parties thereto and their respective heirs, executors, administrators, personal representatives, successors, and *permitted assigns*." Plaintiff's Exhibit 12, ¶ 11 (emphasis added).

German American Capital Corporation v. Morehouse                                                                8

      Another judge of this court previously determined the meaning of the term "permitted assigns" in the context of a contract dispute. In *Citibank (South Dakota), N.A. v. F.D.I.C.*, 857 F. Supp. 976, 981 (D.D.C. 1994), the court (Hogan, J.) addressed a dispute between the parties over the language as part of a non-compete provision. In that case, the court found that the term "permitted assigns" should be read in context with another provision of the agreement which expressly restricted assignment of rights and delegation of duties. *See id.* ("No party may assign this Agreement to or delegate any of its functions hereunder to any other party without the prior written consent of the other parties[.]").

      In this case, there is simply no language contained in the Continuing Guaranty or in related documents that expressly provides that consent is a prerequisite to BB&T assigning the loan documents to GACC. Thus, Defendant's argument that the assignment was not permitted is inconsistent with the terms of the document. Paragraph four of the Continuing Guaranty provides in pertinent part that:

> [t]he Guarantor's liability hereunder shall in no way be affected or impaired by . . . (d) any act of commission or omission of any kind or at any time upon the part of the Lender with respect to any matter whatsoever other than the execution and delivery by the Lender to the Guarantor of an express written release or cancellation of this Continuing Guaranty.

Plaintiff's Exhibit 12, ¶ 4. Moreover, this Circuit has long held that "all security for payment of a promissory note follows the note and inures to the benefit of the holder of the note." *Plitt v. Stonebraker*, 195 F.2d 39, 42 (D.C. Cir. 1952) (citations omitted). It is undisputed that GACC is the holder of the note and therefore is entitled to "all security for payment" of said note.

      In accordance with the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED** and **ADJUDGED** that Plaintiff recovers damages in the amount of $23,966,216.95,

German American Capital Corporation v. Morehouse 9

the amount stipulated to by the parties as the principal, plus postjudgment interest at the rate of 15%, along with costs, and that judgment shall be entered in accordance with Federal Rule of Civil Procedure 58(b).

It is, this 14TH day of February 2013,

**SO ORDERED.**

                                                                                                                     /s/
                                                      DEBORAH. A. ROBINSON
                                                      United States Magistrate Judge